DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **JOE MAYOR ALVAREZ,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case Nos. 3:17-cv-0049 |
| ) | |
| **SAN JUAN VA MEDICAL CENTER, UNITED** ) | |
| **STATES OF AMERICA, ROY LESTER** ) | |
| **SCHNEIDER HOSPITAL, and DR. BRIAN** ) | |
| **BACOT,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**ORDER**

**THIS MATTER** comes before the Court *sua sponte*. For the reasons stated below, the Court will dismiss this case.

Joe Mayor Alvarez ("Alvarez") filed a complaint against Defendants San Juan VA Medical Center ("the VA Medical Center"), the United States of America ("the Government"), Roy Lester Schneider Hospital, and Dr. Brian Bacot on July 25, 2017. (ECF No. 1.) The VA Medical Center and the Government were served on August 16, 2017. (ECF Nos. 11, 12, 15.) The other Defendants were not served and did not appear.

On November 20, 2017, the Government filed a motion to change venue and an answer to the complaint. (ECF Nos. 21-23.) The next day, counsel for the parties appeared telephonically before the magistrate judge for a status conference. During the conference, the magistrate judge inquired about the status of the case, as she understood that Plaintiff Alvarez had passed away. Counsel for the Plaintiff responded that he was aware that Alvarez had died. Further, Counsel stated he would inquire with Alvarez' son and would inform the Court how his son would like to proceed with the case. (ECF No. 24.)

The record reflects that no further action was taken in this case until March 13, 2018, when the parties filed a document purporting to be a stipulation of dismissal. (ECF No. 25.) Since that filing, the only activity on the record on behalf of either party is a notice filed by Alvarez' former counsel three years later, on March 7, 2021, stating, "review [of available

*Alvarez v. San Juan VA Medical Ctr et al.*
Case No. 3:17-cv-0049
Order
Page 2 of 2

records] confirms a conclusion that the Plaintiff, Joe Alvarez[,] has passed away . . . ." (ECF No. 28:4.) No suggestion of death or death certificate has been filed with the Court.

Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. Pro. 41(b). Here, although no defendant has filed a motion to dismiss the action, the Court may also, *sua sponte*, dismiss the action for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962) ("Neither the permissive language of the Rule—which merely authorizes a motion by the defendant—nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief.").

When a party dies, any party "or decedent's successor or representative" may move for substitution of the party to pursue the action. Fed. R. Civ. P. 25(a)(1). In the instant case, the action has been dormant for three years and no party or legal successor has filed a motion to substitute party. *Worthy v. Accumarine Transp.*, No. 9-cv-02262-TMC-JDA, 2010 U.S. Dist. LEXIS 147311, at *2 (S.D. Ala. May 19, 2010) (recommending that the district judge dismiss the action because the plaintiff died and, "to date, no action has been taken to substitute a proper party plaintiff to proceed with this litigation"), *adopted* No. 09-00664-WS-N, 2010 U.S. Dist. LEXIS 77349 (S.D. Ala. July 29. 2010). The sole Plaintiff, Alvarez, has failed to prosecute the case, Alvarez is believed to be deceased, and there has been no action to substitute a party plaintiff in the case. As such, the Court will dismiss the action without prejudice pursuant to Rule 41(b).

The premises considered, it is hereby

**ORDERED** that this case is **DISMISSED** without prejudice; and it is further

**ORDERED** that the Clerk of Court will **CLOSE** the case.

**Dated:** March 24, 2021   /s/ *Robert A. Molloy*
                            **ROBERT A. MOLLOY**
                            **District Judge**